**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

**THE ORIGINAL CREATINE
PATENT COMPANY, LTD.,**

          **Plaintiff,**

**v.**                                                **Civil Action No. 2:04cv759**

**MET-RX USA, INC. d/b/a MET-RX
ENGINEERED NUTRITION,**

          **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the court on the motion of the defendant, Met-Rx USA, Inc.

d/b/a/ Met-Rx Engineered Nutrition ("Met-Rx"), to transfer this action to the United States

District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1404(a).  For the

reasons set forth herein, the defendant's motion to transfer is **GRANTED**.

I. Factual and Procedural History

The plaintiff, The Original Creatine Patent Company, Ltd. ("OCPC"), filed a complaint

on December 20, 2004, seeking relief for the defendant's alleged willful induced patent

infringement.  The plaintiff is the assignee of the rights and title in United States Patent No.

5.769,159 ("the '159 patent"), which concerns a method for optimizing creatine intake that is

commonly referred to as "creatine loading."  Creatine is a chemical that is marketed and sold by

the defendant as a sports nutrition product.  Its use by weight lifters and other athletes is

associated with increased body mass, strength, endurance and athletic performance.

The plaintiff is a British company organized under the laws of the United Kingdom with

its principal place of business located in Cambridge, United Kingdom.  The defendant is a Nevada corporation with its principal place of business in Bohemia, New York.[1]  The defendant is a manufacturer, wholesaler and distributor of sports nutrition supplements and related food products, creatine among them, which it sells to independent retailers and distributors nationwide, including some retailers and one distributor in Virginia.

The defendant filed its motion to transfer this action on February 22, 2005.  Following two granted motions for extensions of time, which were also agreed to by the defendant, the plaintiff filed its opposition memorandum on April 1, 2005.  Following the plaintiff's second motion for an extension of time, but prior to the order granting such extension, the Rule 16(b) scheduling conference was held and trial in this matter was set for October 18, 2005.  The defendant filed its reply memorandum on April 6, 2005.  Thus, the matter is fully briefed and ripe for judicial resolution.

## II. Discussion

### A. Standard of Review - Motion to Transfer

Title 28 U.S.C. § 1404(a) provides that "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The purpose of this section is "to prevent the waste of 'time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)

---

[1]The complaint identifies the defendant's principal place of business as Boca Raton, Florida; however, the defendant avers by declaration attached to the instant motion that it owns no property in Florida, rather a predecessor corporation maintained its corporate headquarters there for a time.  The defendant, also by declaration, maintains that its principal place of business and center for sales, marketing, labeling and advertising is located in New York.

(quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26-27 (1960)).  As the Supreme Court has explained, section 1404(a) "is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh, Inc., 487 U.S. 22, 29 (1988) (citing Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)); see also Cognitronics Imaging Sys., Inc. v. Recognition Research, Inc., 83 F. Supp. 2d 689, 696 (E.D. Va. 2000) (recognizing discretion placed in district court to transfer for more convenient forum).  The burden is on the movant to show that a transfer under 28 U.S.C. § 1404(a) is warranted.  See Cognitronics, 83 F. Supp. 2d at 696.

In order to decide if a transfer of venue is appropriate in this matter, the court must first determine whether the suit could have been brought in the Eastern District of New York, and second, whether the balance of convenience to the parties and consideration of the interest of justice justify transfer to the Eastern District of New York.  See LG Elecs., Inc. v. Asustek Computers, 126 F. Supp. 2d 414, 423 (E.D. Va. 2000); Corry v. CFM Majestic Inc., 16 F. Supp. 2d 660, 663 (E.D. Va. 1998).  After a review of the record in this case, the court finds that this case could have been initiated in the Eastern District of New York and that the relevant authority, factual circumstances and considerations of fairness and convenience compels its transfer.

B. Jurisdiction and Venue in the Eastern District of New York

In ruling on a motion to transfer, the court first determines whether the plaintiff could have brought its claims in the Eastern District of New York.  See Agilent Tech., Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 325 (E.D. Va. 2004).  This prerequisite is satisfied if the federal district court in the Eastern District of New York court would have jurisdiction over the

subject matter of the action, if venue would be proper, and if the defendant would be amenable to process in that court.  See Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

Venue as to patent infringement claims is governed by 28 U.S.C. § 1400(b), which instructs that "any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business.  28 U.S.C. § 1400.[2]  A corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Cognitronics, 83 F. Supp. 2d at 691.  Thus, if personal jurisdiction may be exercised over the defendant in the Eastern District of New York, the prerequisites of section 1400(b) are also satisfied.

The defendant has averred by sworn declaration that its Bohemia, New York offices are its corporate headquarters and that relevant corporate documents, officers and employees with knowledge of the sales and labeling of its products reside in New York.  As the plaintiff's claim involves an alleged violation of federal patent laws, the federal district court in the Eastern District of New York has federal question subject matter jurisdiction.  See 28 U.S.C. §§ 1331,

_____

[2]Although not raised by the parties, the court cannot help but observe that venue is somewhat more tenuous in this district than in the Eastern District of New York.  In its complaint, the plaintiff appears to rely on the second portion of section 1400(b) in support of venue in this district, claiming that "the defendant has committed infringement and otherwise engaged in commerce within this judicial district."  28 U.S.C. § 1400(b).  In a district where the defendant does not reside, however, venue is only proper where the defendant has committed acts of infringement and has a regular and established place of business.  It does not appear to the court that the defendant has such a place of business in Virginia that would necessarily support venue under this second prong.  The first part of section 1400(b), however, looks to the district in which the defendant resides.  For venue purposes, a corporate defendant "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  Cognitronics, 83 F. Supp. 2d at 691.  If infringing sales have been made in this district, then personal jurisdiction likely exists, as does venue.

1338(a).  Because the defendant has its principal place of business within the Eastern District of

New York, it resides there for purposes of establishing both personal jurisdiction and venue.  See

28 U.S.C. §§ 1391(c), 1400(b).  Accordingly, this is an action that could have been initiated in

the United States District Court for the Eastern District of New York.  See 28 U.S.C. § 1404(a);

Koh, 250 F. Supp. 2d at 630.

      B. Plaintiff's Choice of Forum / Convenience to Parties and Witnesses

      The court next inquires as to whether a transfer of the claims asserted against the

defendant would undermine the plaintiff's choice of venue and whether a transfer would promote

the convenience of the parties and witnesses.  See Koh, 250 F. Supp. 2d at 633; GTE Wireless,

Inc. v. Qualcomm, Inc., 71 F. Supp. 2d 517, 519 (E.D. Va. 1999).  To some extent, these

inquiries overlap as the location of witnesses and evidence that factor into the convenience of the

parties determination also relates to whether there is a connection between the plaintiff's chosen

forum and the claims at issue.

      1. Plaintiff's Choice of Forum

      The defendant claims that little deference is owed to the plaintiff's choice of the Eastern

District of Virginia because the plaintiff is a foreign party and there is little connection between

this district and the plaintiff's cause of action.  The plaintiff responds that there is a significant

connection to the claims at issue in this case in the form of the defendant's sales activity.

Moreover, the plaintiff contends that the Eastern District of Virginia is the most logical forum for

it, a foreign corporation with no home forum in the United States, to pursue this action.

      Generally, a plaintiff's choice of forum is entitled to substantial weight.  See Acterna,

L.L.C. v. Adtech, Inc., 129 F. Supp. 2d 936, 938 (E.D. Va. 2001).  But the weight accorded this

choice "varies in proportion to the connection between the forum and the cause of action.  Thus,

a plaintiff's choice of its home forum is given more weight than its choice of a foreign forum."

GTE Wireless, 71 F. Supp. 2d at 519.  Where the plaintiff has selected a forum where neither the

plaintiff nor the defendant resides and where few or none of the events giving rise to the cause of

action accrued, "that plaintiff's choice loses its place status in the court's consideration."  Ion

Beam S.A., v. The Titan Corp., 156 F. Supp. 2d 552, 563 (E.D. Va. 2000).

        Clearly, the plaintiff prefers to have its case heard in the Eastern District of Virginia.  As

a British corporation, however, with its principal place of business in the United Kingdom, any

deference owed to its forum choice cannot be based upon its location or the situs of the harm

alleged.  See Verosol, 806 F. Supp. at 592 (giving less weight to foreign forum absent connection

of forum to cause of action).  The plaintiff has identified no other connection it has to the Eastern

District of Virginia beyond the location of its counsel, which is discussed further herein.  No

employees reside here; no offices or facilities are located here.  Thus, in order for the plaintiff's

choice to be given any weight, there must be a connection between the Eastern District of

Virginia and the claims alleged against the defendant.  See id.

        The plaintiff claims that there is a legitimate connection between this district and the

claims at issue because inducement of infringement occurs each time a consumer purchases an

accused product and subsequently follows Met-Rx's instructions for "creatine loading."  As the

defendant admits that four percent (4%) of the total sales of the accused product occurs in

Virginia, the plaintiff insists that the site of the sale is connected to the cause of action.  Contrary

to the plaintiff's argument, however, "[f]ederal courts are not solicitous of plaintiffs claiming

substantial weight for their forum choice where the connection with the forum is limited to sales

6

activity without more." <u>Acterna</u>, 129 F. Supp. 2d at 938; <u>see</u> <u>also</u> <u>Agilent</u>, 316 F. Supp. 2d at 326

(finding transfer appropriate in patent infringement case when only alleged connection with

forum was defendant's alleged sales of infringing products in district); <u>Ion Beam</u>, 156 F. Supp.

2d at 562.  As the defendant distributes its product nationwide, it appears that under the

plaintiff's rationale, venue would be appropriate in districts throughout the country, wherever the

defendant distributes its product.  Such a liberal reading of section 1404(a) would undermine the

emphasis on convenience of the parties and of potential witnesses.  <u>See</u> <u>Stewart Org.</u>, 487 U.S. at

29 (noting emphasis on convenience and fairness).

      The plaintiff also claims that other contacts of the defendant, beyond sales figures,

demonstrate a connection to this forum such that deference is owed to this choice.  The plaintiff

points to the defendant's participation and sponsorship in national and local strongman

competitions and its sponsorship of Virginia Tech athletic teams.  Notwithstanding the fact that

Virginia Tech is located in the Western District of Virginia, the plaintiff misapprehends the

relevant inquiry concerning the defendant's contacts in this district.  In order to give deference to

a foreign plaintiff's choice of forum, the contacts at issue must relate to the plaintiff's claims.

<u>See</u> <u>Koh</u>, 250 F. Supp. at 633 (noting that plaintiff's chosen forum is not entitled to substantial

weight when the claims have no connection to chosen forum)  The defendant's sponsorship of

various athletic competitions and college teams has no demonstrated connection to the claims of

induced infringement in this case and are irrelevant to the choice of forum inquiry.

      Finally, the plaintiff claims that all of its relevant documents are located at the offices of

its regular patent litigation counsel, who is also counsel for the instant matter.  First of all, it is

not at all apparent that documents retained by counsel would be a source of proof in this matter.

The plaintiff has identified no such documents that would serve as documentary evidence and

has not claimed that its patent counsel will serve as witnesses in this case.  Second, the plaintiff's

patent counsel is located in McLean, Virginia.  Although McLean is in the Alexandria Division

of the Eastern District of Virginia, the plaintiff's chose to file this case in the Norfolk Division.

This undercuts the plaintiff's argument that it filed this case in this court because of ease of

access to its counsel and documents.  Finally, and most importantly, the convenience to counsel

is not an appropriate matter for consideration in determining contacts with the chosen forum.

See Cognitronics, 83 F. Supp. 2d at 698.  If the plaintiff chose to retain Virginia counsel to

pursue the instant claims, "it cannot be heard to complaint about the costs."  Id.

Accordingly, beyond the plaintiff's assertion that the defendant has engaged in sales

activity in this district, the court finds no other connection with this district and the claims

alleged.  Neither the plaintiff nor the defendant have offices in this district; neither have

identified witnesses who live or work in Virginia; nor does it appear that any sources of proof are

located here, beyond the documents which are retained by plaintiff's counsel and which the court

does not consider to be a relevant connection.  Moreover, in patent infringement cases, the

preferred forum is generally "the center of the accused activity."  Acterna, 129 F. Supp. 2d at

939; see Agilent Technologies, Inc., 316 F. Supp. 2d at 326 (noting that preferred forum for

patent infringement cases is where majority of witnesses and evidence is located).

The plaintiff does not dispute the defendant's contention that the documents relating to

the design, development, manufacturing, marketing, labeling, and sales of the accused product

are located in the defendant's New York offices.  The plaintiff states in its opposition

memorandum that its claims are predicated on the defendant's labeling of its creatine products

with a loading instruction that induces consumers to illegally practice creatine loading, in violation of the plaintiff's patent. It appears to the court that the facts and witnesses that form the center of gravity of this claim are located where the defendant's marketing, labeling and sales decisions are made - in New York. Thus, although the facts as alleged, if proven true, may demonstrate that the defendant committed acts constituting inducement of infringement in this district, the nexus of the plaintiff's claims is still more closely associated with New York than Virginia. New York is the location the decisions involving the content of the labeling at issue and the sales of the alleged infringing product are also made in that forum. In this case, the percentage of the defendant's sales of the accused product in Virginia is not significant enough to amount to a substantial connection with the Eastern District of Virginia.

The above analysis is not to suggest that a foreign plaintiff's action must be initiated in the defendant's home forum; rather, the lack of a home forum for the plaintiff merely causes the court to examine whether there is any connection with the plaintiff or the cause of action to the chosen forum. "For example, a forum where the events at issue occurred, where the subsidiaries of the plaintiffs' company are located, or where the plaintiffs' witnesses reside might tip the balance in favor of the plaintiffs lacking a 'home forum.'" Ion Beam, 156 F. Supp. 2d at 563. None of these factors that would weigh in favor of the plaintiff are present in this case.

2. Convenience to Parties and Witnesses

Determination of a motion to transfer requires the court to weigh the convenience to the parties and witnesses in litigating in either venue. The party asserting witness inconvenience, in this case Met-Rx, "has the burden to proffer, by affidavit or otherwise, sufficient details respecting the witnesses and their potential testimony to enable the court to assess the materiality

of evidence and the degree of inconvenience."  Koh, 250 F. Supp. 2d at 636.

The defendant has produced evidence, via the signed declaration of Robert Walker, its executive director of sales and marketing, regarding the likely location of witnesses and evidence in this case.  Through this declaration, the defendant avers that none of its offices, employees or documents are located within the Eastern District of Virginia.  Met-Rx is not registered to do business with Virginia and its sales of the accused product to retailers within the state amounts to less than four percent (4%) of total sales of this product nationwide.

Although the plaintiff argues that end use consumers will be relevant witnesses, such witnesses, who are not party witnesses, will likely be found in any district in which the defendant has distributed its product.  There is no justifiable reason to cause Met-Rx the added inconvenience of traveling to this court when, all other things being equal, the Eastern District of New York is just as convenient for the plaintiff, and even more so for the defendant.

The court also agrees with the defendant that it is just as convenient (or perhaps just as inconvenient) for the plaintiff, a British corporation, to litigate this matter in the Eastern District of New York as it is in this district.  The plaintiff, as a foreign corporation, has no home forum and its witnesses would have to travel no matter where this trial was held.  From the standpoint of air travel, New York certainly presents a more convenient forum than does Norfolk for witnesses and party representatives traveling to the United States from abroad.  Additionally, travel from the Washington, D.C. area to New York is just as convenient as travel to Norfolk, if not more so.  The plaintiff has even indicated its willingness to travel to New York for depositions or other discovery should the need arise.

The plaintiff maintains that the defendant's own documents indicate that witnesses and

10

source of proof are located in areas outside of New York, such as Boca Raton, Florida and
Carbondale, Illinois.  The plaintiff contends that the Eastern District of Virginia is centrally
located between New York, Illinois and Florida.  This line of argument, however, illustrates the
fallacy of the plaintiff's position in attempting to show not that this district is the most
convenient but that it is the least inconvenient.  Centrally located or not, this court is not
convinced that travel to this district is any less arduous than travel to New York.  Moreover,
transferring this action to New York would eliminate the need for at least some witnesses to have
to travel at all.  The defendant has responded by declaration that the Florida location was owned
by a predecessor corporation.  The plaintiff has not identified any witnesses or documents that
would be located in the Illinois location, but the mere fact that the plaintiff has identified other
locations which have more of a connection to sources of proof, witnesses or the claims at issue
only serves to underscore the lack of connection that this case, the parties and the witnesses and
evidence have to the Eastern District of Virginia.  See Ion Beam, 156 F. Supp. 2d at 563
(observing that even though several other forums might be as proper as that suggested by the
defendant, existence of such forums demonstrates that Eastern District of Virginia was clearly
not most convenient); GTE Wireless, 71 F. Supp. 2d at 520 (transferring case where, among
other considerations, plaintiff failed to identify even one potential witness from Virginia).

As described above, the plaintiff also claims that documents relating to its patent are
located at the offices of its counsel in McClean, Virginia.  The court also observes that the
plaintiff has counsel located in Colorado and Washington, D.C.  The plaintiff also maintains that
three attorneys from a Washington, D.C. law firm that prosecuted the '159 patent will be
necessary witnesses given that the defendant has challenged the validity of the '159 patent.  The

plaintiff has raised the specter of these documents and witnesses, however, in response to the

defendant's affirmative defense, rather than in connection with its own claims of induced

infringement.  These witnesses are not identified in the plaintiff's Rule 26(a)(1) disclosures,

which identify witnesses in Sweden and in England.  Furthermore, as also set forth above, that

plaintiff's counsel might have possession of certain documents does not identify their source and

is not germane to the balancing of convenience analysis.  This is so because no consideration is

given to the convenience of counsel.  See Cognitroinics, 83 F. Supp. 2d at 698; Ion Beam, 156 F.

Supp. 2d at 562.   Were it otherwise, a plaintiff could ship relevant documents and evidence to

counsel in any district and use this as the basis for defeating a motion to transfer and establishing

venue.

        Moreover, despite the fact that these witnesses and documents are apparently located in or

near the Alexandria Division of this district, the fact that the plaintiff chose to file this action in

the Norfolk Division suggests that some travel was anticipated.    In any case, the presence of

these nonspecific documents and witnesses does not counterweigh the substantial convenience to

the defendant and the witnesses and records it has identified, through sworn declaration, as being

located in New York. Thus, the court finds that the plaintiff has identified no witnesses in this

district who appear to have testimony that is either relevant or unique enough to warrant venue in

this district.  See GTE Wireless, Inc., 71 F. Supp. 2d at 520.

        On the record before it, the court concludes that the balance of convenience of parties and

witnesses weighs in favor of transfer to the Eastern District of New York.  See Verosol, 806 F.

Supp. at 593.  There is decidedly greater convenience to the defendant in litigating this case in

the Eastern District of New York, with no demonstrated loss of convenience to the plaintiff, who

will have to suffer some travel in either district.

    C. Interest of Justice

    Finally, in assessing a motion to transfer, the court must consider the interest of justice,

"an analysis encompassing those factors unrelated to witness and party convenience." See

Acterna, 129 F. Supp. 2d at 939-40.  The interest of justice factor can include such considerations

as a court's familiarity with the applicable law, where the claim arose, and the relative congestion

of the courts' dockets.  Intranexus, Inc.v. Siemans, 227 F. Supp. 2d 581, 583 (E.D. Va. 2002).

    In a case brought by a foreign plaintiff against an out-of-state defendant, there is little

local interest in having the matter decided in Virginia.  See Cognitronics, 83 F. Supp. 2d at 696.

As this is a case arising under federal law, this court has no greater familiarity with the applicable

law than would any other federal court.  See id.

    It is readily apparent to the court, from the briefs and supporting materials submitted by

the parties that the plaintiff's decision to initiate this case in this forum was certainly motivated

by the expediency in which the courts of the Eastern District of Virginia are able to schedule trial

dates and otherwise process cases.  The plaintiff contends that it has already received an October

2005 trial date and a transfer will only mean delay.  The plaintiff has not shown, however, any

lack of expediency on the part of the courts of the Eastern District of New York.  See

Cognitronics, 83 F. Supp. 2d at 697 n.11 (declining to consider swiftness of docket issue in light

of plaintiff's failure to show that transferee court was not similarly expeditious).  The court notes

that the only reason that the plaintiff became aware of its scheduled trial date was that it delayed

its response to the defendant's motion until after the Rule 16(b) conference.

    While docket considerations can be a factor in the interest of justice analysis this court

has previously held that:

> Docket conditions, while a consideration, cannot be the primary reason for retaining a case in this district. This Court cannot stand as a willing repository for cases which have no real nexus to this district. The "rocket docket" certainly attracts plaintiffs, but the Court must ensure that this attraction does not dull the ability of the Court to continue to act in an expeditious manner.

Cognitronics, 83 F. Supp. 2d at 699 (E.D. Va. 2000).

Additionally, when docket considerations are the primary reason a party has initiated an action in this court, as may be the situation in the instant case, the interest of justice is not served. See Telepharmacy Solutions, Inc. v. PickPoint Corp., 238 F. Supp. 2d 741, 743-44 (E.D. Va. 2003). In such a case, docket considerations should actually weigh against a transfer. As every other factor in the instant case weighs in favor of a transfer, however, the court need not attach a primary motive to the plaintiff's selection of this forum. The court merely observes that it cannot allow its ability to dispose of a matter quickly to outweigh other more significant reasons in favor of a transfer. Thus, even if the court were to consider the expediency at which this case could be processed through this court as weighing against a transfer, such consideration does not override the other factors weighing in its favor.

## IV. Conclusion

At best, there is evidence that the defendant has made sales in this district of the product that has allegedly led to the infringement of the plaintiff's patent. In dealing with a product that is distributed nationally, however, many forums would be similarly suitable. When the clear weight of documentary and testimonial evidence is to be found elsewhere, there is little justification for retaining this case in the Eastern District of Virginia. Based upon the facts of this case, and the relevant analysis required under section 1404(a), the Eastern District of New

14

York provides the far more logical and convenient forum for this matter to be located.

Accordingly, the court **GRANTS** the defendant's motion to transfer this case to the United States District Court for the Eastern District of New York.

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to all counsel and to forward the entire case file to the United States District Court for the Eastern District of New York, Long Island Division.

It is so **ORDERED**.

_____/s/_____

Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 3rd, 2005

15